United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Joseph Celestine, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-20237-Civ-Scola |
| | ) |
| Capital One, and others, | ) |
| Defendants. | |

## Order on Plaintiff's Appeal of Magistrate Judge's Order

The Plaintiff filed a motion in opposition (ECF No. 64) to the Magistrate Judge's discovery order compelling non-party Equifax Information Services, LLC, to comply with the Defendants' subpoena (ECF No. 62). The Court will construe the motion as an objection to Magistrate Judge Alicia Otazo-Reyes's order, in accordance with Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). A district court may reconsider a magistrate judge's ruling on a non-dispositive matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (2006); *see also* Rule 4 of the Local Magistrate Judge Rules.

The Plaintiff filed a complaint alleging, in part, that the Defendants improperly accessed his credit. In order to adequately investigate these claims and their defenses, the Defendants issued third-party subpoenas to three Credit Reporting Agencies ("CRA"). (Mot. to Compel ¶ 2–3, ECF No. 59.) However, one of those CRAs, Equifax, responded that it could not comply with the subpoena without a notarized authorization from the Plaintiff or a court order. (*Id.* ¶ 6.) The Defendants requested the notarized authorization from the Plaintiff, but the Plaintiff refused to provide his authorization. (*Id.* ¶ 7.)

Through the subpoena to Equifax, the Defendants sought to depose a corporate representative and to obtain production of certain documents. (*Id.* Ex. 1 at 12–18, ECF No. 59-1.) The document request stated, "The personal identifying information for Plaintiff is confidential and may not be used for any other reason other than identifying Plaintiff for purposes of responding to this subpoena for production of documents." None of the specified document requests sought the Plaintiff's personal identifying information. Judge Otazo-Reyes ordered Equifax to comply with the subpoena—in other words, to designate a corporate representative to attend a deposition and to produce the documents identified in the Defendants' document request. (Order, ECF No. 62.)

The Plaintiff, however, objects the Judge Otazo-Reyes's order, claiming that "providing access to a credit report during litigation is a criminal act, strictly prohibited, and in violation of the [Fair Credit Reporting Act]." (Mot. ¶ 7, ECF No.

64.) The Plaintiff fails to recognize that the Fair Credit Reporting Act ("FCRA") expressly permits a CRA to furnish a consumer report in response to a court order. 15 U.S.C. § 1681b(a)(1). It stands to reason, then, that the FCRA contemplates situations where court would require a CRA to furnish such a report. Further, the Plaintiff fails to recognize that he is the individual that has commenced the discovery process in this case by filing the present lawsuit. The Defendants merely have sought information *directly* related to the Plaintiff's claims. No impermissible purpose or false pretense exists with respect to the Defendants' subpoena and document request.

The Court has considered the Plaintiff's objections, the record, and the relevant legal authorities, and Judge Otazo-Reyes's rulings are not clearly erroneous or contrary to law. Accordingly, it is hereby **ordered and adjudged** that the Magistrate Judge's Order on the Defendants' motion to compel compliance with Third-Party Subpoena (**ECF No. 62**) is **affirmed**. The Court thus **denies** the Plaintiff's motion in opposition (**ECF No. 64**) to the Magistrate Judge's discovery order.

**Done and Ordered** in chambers, at Miami, Florida, on June 28, 2017.

_____
Robert N. Scola, Jr.
United States District Judge