United States District Court
for the
Southern District of Florida

| Joseph Celestine, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Civil Action No. 17-20237-Civ-Scola |
| | ) | |
| Capital One et al, Defendants. | ) | |

**Order on Defendants' Motions to Dismiss**

This matter is before the Court on Defendants Capital One and Capital One Bank USA, N.A.'s motion to dismiss (ECF No. 23) and Capital One Auto Finance's motion to dismiss (ECF No. 30.) The Plaintiff filed a motion to strike the Defendants' motions to dismiss (ECF No. 34), which the Court has construed as a response to the Defendants' motions to dismiss (Order, ECF No. 35). Capital One, Capital One Auto Finance, and Capital One Bank USA, NA ("the Defendants") replied (Resps., ECF Nos. 40 and 41.) The Defendants' motions to dismiss are virtually identical and as such, the Court addresses both motions in this order. For the reasons set forth below, the motions to dismiss (**ECF Nos. 23 and 30**) are **granted**.

1. **Background**

The Plaintiff brings this action against the Defendants alleging that they "initiated unauthorized inquiries of plaintiff[']s credit reports from Experian, Equifax, and Transunion without permissible purpose." (Compl. ¶ 19.) The Plaintiff alleges that on eighty-six different occasions between February 7, 2013, and May 3, 2016, the Defendants accessed his credit score. (*Id.*) The Plaintiff states that he did not give authority to any of the Defendants to access his credit report. (*Id.* ¶ 22.) He further alleges that he has not been in business with any of the Defendants since 2008. (*Id.* Ex. 4 ¶ 4.) The Plaintiff also repeatedly alleges throughout his complaint that the Defendants accessed his credit report "without permissible purpose." (*Id.* ¶ 19–22, 38, 42.)

As a result of these alleged unauthorized accesses, the Plaintiff claims that he was denied a $350,000 home loan, was subject to identity theft, and has suffered from anxiety and emotional distress. (*Id.* ¶¶ 22, 32, 34.)

2. **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Further, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"*Erikson v. Pardus*, 551 U.S. 89, 94 (2007).

### 3. Analysis

The Complaint contains four counts: Counts 1 and 2 alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"); Count 3 for invasion of privacy; and Count 4 for negligence and wanton and willful conduct. (Compl. ¶¶ 35–52.) The Defendants move to dismiss all counts. The Defendants allege that the Plaintiff: (1) has not pleaded his claims with factual sufficiency; (2) has not stated a claim for invasion of privacy; (3) has not stated a claim for negligence; and (4) has stated a cause of action which is not recognized under Florida Law. (ECF. Nos. 23 and 30.)

### A. Counts 1 and 2: Fair Credit Reporting Act Claims

The Plaintiff alleges in Counts 1 and 2 that the Defendants violated the FCRA by negligently or willfully obtaining the Plaintiffs' consumer report without a permissible purpose. (Compl. ¶¶ 38, 42.) In their motions to dismiss, the Defendants claim that the Plaintiff has not pleaded with factual sufficiency to show that the Defendants negligently or willfully violated the FCRA or that they lacked a statutory permissible purpose. (Mots. to Dismiss at 6-7, ECF Nos. 23 and 30.) Capital One and Capital One Bank further allege that the Plaintiff's FCRA claim is time-barred. (Mot. to Dismiss at 9.)

### (1) *Negligent or Willful Violation*

The Plaintiff stated in his complaint that the Defendants negligently or willfully violated the FCRA but has only made conclusory allegations to support his claim. *See Iqbal*, 556 U.S. at 678. Further, "[w]hile pro se complaints should be liberally construed, they still must allege factual allegations that raise a right to relief above the speculative level." *Modrall v. Corker*, 654 Fed. App'x 1021, 1022 (11th Cir. 2016). A plaintiff must allege specific facts that show that a defendant willfully or negligently failed to comply with the FCRA. *See e.g.*, *Rush v. Macy's New York*, 775 F.2d 1554 (11th Cir. 1985) (stating that part of the reason the plaintiff's claim failed was because he "alleged no facts tending to show that Macy's 'willfully' or 'negligently' failed to comply with the FCRA").

### (2) *Permissible purpose*

The FCRA provides in relevant part, "A person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section. . . ." 15 U.S.C. § 1681(f). In order to show that there was no permissible purpose for the Defendants accessing the Plaintiff's credit report, the Plaintiff alleges that he had not conducted business with the Defendants since 2008 and he did not give the Defendants permission to access his credit report. (Compl. ¶¶ 4, 22.)[1] The Plaintiff is correct to note in his response, "[t]here is a difference in opinion on whether the ambiguous language in FCRA contains an absolute prohibition against the sale of credit reports to former creditors whose accounts are closed and paid in full." *Levine v. World Financial Network Nat. Bank,* 437 F.3d 1118, 1122 (11th. Cir. 2006). However, as noted, the Plaintiff did not allege in his complaint that he did not owe debt to any of the Defendants when they accessed his credit report. Further, this Court need not decide whether the Defendants accessed the Plaintiff's credit report with a permissible purpose because the Plaintiff has failed to show the Defendants had the necessary state of mind. *See Jimenez v. Account Serv.s*, 2017 WL 455206, at *4 (S.D. Fla. Feb. 1, 2017) (Bloom, J.) ('To state a Fair Credit Reporting Act (FCRA) claim [arising from the] . . . acquisition of a consumer report, a plaintiff must prove each of the following: (1) that there was a consumer report; (2) that defendants used or obtained it; (3) that they did so without a permissible statutory purpose; and (4) that they acted with the specified culpable mental state").

---

[1] The Court notes that in his response, the Plaintiff further alleges that he did not have debt with any of the Defendants. However, on a motion to dismiss, the court only considers the facts as pleaded in the complaint. *See Iqbal*, 556 U.S. at 662.

### (3) *Statue of Limitations*

The FCRA statue of limitations bars claims arising after "the earlier of . . . 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681(p). The Defendants state that based on the credit reports attached to the complaint, the Plaintiff requested his credit report on June 27, 2014. Thus, as of that date, the Plaintiff had knowledge of credit inquires made by the Defendants between February 7, 2013, and June 27, 2014. The statute of limitations on those credit inquiries ran as of June 27, 2016, long before the Plaintiff filed this suit on January 18, 2017. (Mot. to Dismiss at 9.) The Court finds that the statute of limitations bars the inquiries made before June, 27, 2014. As such, the Court strikes allegations referencing the inquiries made before June 27, 2014, from the complaint. The rest of Defendants' inquiries can be used as support and are not barred by the statute of limitations.[2] Therefore, only part of the Plaintiff's FCRA claims are barred by the statute of limitations.

Accordingly, the Court **dismisses without prejudice** the Plaintiff's FCRA claims, Count 1 and Count 2, because the Plaintiff has failed to allege sufficient facts to state claims for either willful or negligent noncompliance with the FCRA. Further, the Court **strikes** from the complaint any allegations pertaining to the Defendants' conduct on or before June 27, 2014.

### B. Count 3: Invasion of Privacy

In his complaint the Plaintiff claims that by "unlawfully attempting to access [the Plaintiff's] private financial information" the Defendants "interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs" of the Plaintiff. (Compl. ¶ 46.) In their motions to dismiss, the Defendants argue that the Plaintiff's claim fails because the Defendants did not intrude into a "place," and further that their actions were not sufficiently outrageous. (Mot. at 10–11, ECF No. 30.)

### (1) Intrusion Into a Place

"Florida recognizes three categories of privacy torts: '(1) appropriation—the unauthorized use of a person's name or likeness to obtain some benefit; (2) intrusion—physically or electronically intruding into one's private quarters; [and] (3) public disclosure of private facts—the dissemination of truthful private information which a reasonable person would find objectionable.'" *Oppenheim v. I.C. Sys., Inc.*, 695 F. Supp. 2d 1303, 1308 (M.D. Fla.), *aff'd,* 627 F.3d 833

---

[2] After June 27, 2014, the Plaintiff's next request for his credit report was made on February 25, 2015. As a result, any inquires made by the Defendants that the Plaintiff discovered on February 25, 2015, fall within the statute of the limitations.

(11th Cir. 2010) (quoting *Allstate Ins. Co. v. Ginsberg,* 863 So. 2d 156, 162 (Fla. 2003)). As best as the Court can determine, the Plaintiff seems to be raising an intrusion claim. (Compl. ¶ 46.) "An intrusion claim has three elements. First, there must be a private quarter. Second, there must be some physical or electronic intrusion into that private quarter. Third, the intrusion must be highly offensive to a reasonable person." *Stasiak v. Kingswood Co-op, Inc.*, 2012 WL 527537, at *1 (M.D. Fla. Feb. 17, 2012) (citation omitted). "Florida law explicitly requires an intrusion into a private place and not merely into a private activity." *Spilfogel v. Fox Broadcasting Co. Eyeglasses,* 433 Fed. App'x. 724, 727 (11th Cir. 2011).

Courts in this district have found that accessing medical records and accessing a plaintiff's driver's license information are not intrusions into a private quarter. *Bradley v. City of St. Cloud,* No. 6:12–cv–1348–Orl–37TBS, 2013 WL 3270403 (M.D. Fla. June 26, 2013); *Watts v. City of Hollywood, Florida* , 146 F. Supp. 3d 1254, 1267 (S.D. Fla. 2015) (Altonaga, J.). The Court declines to find, then, that accessing a credit report constitutes an intrusion into a "place." *See Eaton v. Cent. Portfolio Control, Inc.*, No. CIV. 14-747 DSD/FLN, 2014 WL 6982807, at *3 (D. Minn. Dec. 9, 2014) ("Simply accessing another's credit report in good faith, however, does not typically give rise to an intrusion upon seclusion claim.").

### (2) Offensive to a Reasonable Person

Even if accessing a credit report were an intrusion into a private quarter, the Plaintiff must show that the intrusion was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency. *See, e.g.*, *Oppenheim*, 695 F. Supp. 2d at 1309 ("To constitute an invasion of privacy, the intrusion must be highly offensive to a reasonable person." (citing *Stoddard v. Wohlfahrt,* 573 So. 2d 1060, 1062–63 (Fla. Dist. Ct. App. 1991))). The Defendants' access of the Plaintiff's credit information simply does not qualify as outrageous enough to satisfy this standard. *See Stasiak v. Kingswood Co–Op, Inc.*, No. 8:11–cv–1828–T–33MAP, 2012 WL 527537 (M.D. Fla. Feb. 17, 2012) (holding that obtaining a couple's credit report without a permissible purpose does not rise to the level of outrageousness required for invasion of privacy).

Accordingly, the Plaintiff can allege no facts sufficient to state a cause of action for invasion of privacy. The Court thus **dismisses with prejudice** Count 3 of the complaint.

### C. Count 4: Negligence

Count 4 of the complaint states that the Defendants acted with "negligent, wanton, and intentional conduct." (Compl. ¶ 53.) Construed

liberally, the court believes the Plaintiff is trying to raise a claim of negligence. *See Erikson*, 551 U.S. at 94 (2007). "To be sustained as a claim of negligence, Count [4] must allege four elements: a duty, breach of that duty, causation, and damages." *See Curd v. Mosaic Fertilizer, L.L.C.*, 39 So. 3d 1216, 1227 (Fla. 2010). Even construed liberally, the Plaintiff's complaint has not stated any facts showing that any of those elements have been satisfied.

Further, Count 4 of the complaint seems to be alleging a charge of willful and intentional conduct. (Compl. ¶ 53.) However, the Court is not aware of any cause of action for "willful and intentional conduct." Therefore, the Plaintiff has failed to allege facts sufficient to state a claim of negligence. Moreover, the Plaintiff cannot state a claim for "willful and wanton conduct" for which no cause of action appears to exist.

The Court thus **dismisses without prejudice** Count 4 of the complaint.

### 4. Conclusion

For the above reasons, the Court **grants** the Defendants' motions to dismiss **(ECF Nos. 23 and 30)**. Counts 1, 2, and 4 are **dismissed without prejudice**. The Plaintiff is given leave to file an amended complaint addressing the deficiencies noted in this order, to the extent the deficiencies may be cured. The Plaintiff must file the amended complaint by **July 14, 2017**. However, the Court **dismisses with prejudice** Count 3 because the Plaintiff can plead no version of the facts to state a claim for invasion of privacy under Florida law based on unauthorized access of a credit report. Finally, the Court **strikes** any allegations based on dates of access prior to June 27, 2014, because those claims are precluded by the statute of limitations.

**Done and ordered** in chambers, at Miami, Florida, on June 30, 2017.

_____
Robert N. Scola, Jr.
United States District Judge