United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Joseph Celestine, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-20237-Civ-Scola |
| | ) |
| Capital One et al., Defendants. | ) |

**Order on Defendants' Motion to Dismiss**

This matter is before the Court on Defendants Capital One, Capital One Bank USA, N.A., and Capital One Auto Finance's ("the Defendants") motion to dismiss the second amended complaint (ECF No. 128). The Plaintiff filed a response to the Defendants' motion (Resp., ECF No. 134), and the Defendants replied (Rep., ECF No. 137.) For the reasons set forth below, the motion to dismiss (**ECF No. 128**) is **granted**.

**1. Background**

The second amended complaint (ECF No. 120) (the "Complaint") is the Plaintiff's third attempt to state a claim against the Defendants for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). The Court previously dismissed the initial complaint, which asserted claims for violation of the FCRA (Counts 1 and 2), invasion of privacy (Count 3), and negligence (Count 4), for failure to state a claim. (Order, ECF No. 69.) In the Order, the Court allowed the Plaintiff to file an amended complaint with respect to the FCRA and negligence claims. (*Id.* at 6.) The Plaintiff then filed an amended complaint (ECF No. 86), asserting four new claims supposedly arising out of the same underlying conduct. As a result, the Court entered an order striking the amended complaint and allowing the Plaintiff one final opportunity to amend in accordance with the Court's order on the first motion to dismiss. (*See* ECF No. 117.)

The Plaintiff brings this action against the Defendants alleging that they "collectively, unlawfully obtained access to Plaintiff's credit report, without permissible purposes, [f]orty-[n]ine (49) times." (Compl. ¶ 30.) The Plaintiff alleges that on forty-nine different occasions between July 1, 2014, and June 14, 2016, the Defendants accessed his credit score, and that he did not give authority to any of the Defendants to access his credit report. (*Id.* ¶ 31.) He further alleges that he has not been in business with any of the Defendants since 2008, and that he does not owe a debt to, or have an account with, any of the Defendants. (*Id.* ¶¶ 56-58.) The Plaintiff also repeatedly alleges throughout

his complaint that the Defendants accessed his credit report without permissible purpose, and that such access was criminal (*Id.* ¶¶ 31, 40, 49-69.)

As a result of these alleged unauthorized and criminal accesses, the Plaintiff claims that he was denied a $417,000 home loan, was subject to identity theft, and has suffered from anxiety and emotional distress. (*Id.* ¶¶ 31, 42-44.)

   **2. Legal Standard**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Even though pro se pleadings are to be liberally construed, "this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted) *overruled on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

   **3. Analysis**

The Plaintiff once again alleges in Counts 1 and 2 that the Defendants violated the FCRA by negligently or willfully obtaining the Plaintiff's consumer

report without a permissible purpose and further alleges that such access was criminal in nature. In the motion to dismiss, the Defendants claim that the Complaint fails to adhere to federal pleading standards, and that Plaintiff has not pleaded with factual sufficiency to show that the Defendants lacked a statutory permissible purpose, that they negligently or willfully violated the FCRA, or committed any other violation of the FCRA.

### (1) *Shotgun pleading*

A typical shotgun pleading contains several counts, each one incorporating by reference the allegations of its predecessor, leading to a situation where most of the counts contain irrelevant factual allegations and legal conclusions, leaving the court to sift through irrelevancies to determine the sufficiency of a claim. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). "The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-22 (11th Cir. 2015). The Eleventh Circuit has found shotgun pleadings unacceptable because they are not a "short and plain statement of the claim." *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Moreover, the Eleventh Circuit reaffirmed its criticism of shotgun pleadings, finding that the "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

The Complaint is neither short nor plain, with over 100 numbered paragraphs and 181 pages of attachments. Moreover, many of the "facts" alleged are conclusory, vague, and immaterial allegedly criminal violations of the FCRA that are not connected to either of the Plaintiff's causes of action. On this basis alone, the Complaint is a quintessential shotgun pleading and due to be dismissed. *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *see also Strategic Income Fund*, 305 F.3d at 1295 n.9-10 (noting the court's disdain for shotgun pleadings and their negative effects on trial courts and the administration of justice).

### (2) *Permissible purpose*

The FCRA provides in relevant part, "A person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained

for a purpose for which the consumer report is authorized to be furnished under this section. . . ." 15 U.S.C. § 1681(f). Furthermore, "a consumer reporting agency may furnish a consumer report . . . [t]o a person which it has reason to believe intends to use the information" for a number of enumerated purposes. 15 U.S.C. § 1681b(a)(3). "To state a Fair Credit Reporting Act (FCRA) claim [arising from the] . . . acquisition of a consumer report, a plaintiff must prove each of the following: (1) that there was a consumer report; (2) that defendants used or obtained it; (3) that they did so without a permissible statutory purpose; and (4) that they acted with the specified culpable mental state." *Jimenez v. Account Servs.*, 2017 WL 455206, at *4 (S.D. Fla. Feb. 1, 2017) (Bloom, J.). In the Complaint, the Plaintiff alleges that there was no permissible purpose for the Defendants accessing the Plaintiff's credit report, because he had not conducted business with the Defendants since 2008, he did not have an account with, or owe the Defendants a debt, and he did not give the Defendants permission to access his credit report. And although the Plaintiff alleges in a conclusory manner that the Defendants obtained "unauthorized criminal access" to his credit information, the Plaintiff fails to allege any facts to support such a conclusion.

Furthermore, the Plaintiff's claims of impermissible purpose are belied by the exhibits attached to the Complaint. Where a pleading's exhibits contradict its allegations, the exhibits control. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). Here, Celestine has attached numerous credit reports, which he contends show that the Defendants unlawfully accessed his credit information; but in fact, the exhibits state that the inquiries made were "Promotional Inquiries" that explicitly "are not seen by anyone but you and do not affect your score"; "Inquiries Shared Only With You" offering "credit information about you to those with a permissible purpose"; or "Inquiries that do not display to companies (do not impact your credit score)." (ECF No. 120-1 at 16, 42-43, 75.) Thus, the Complaint fails to allege a sufficient impermissible purpose.[1]

### (3) *Negligent or Willful Violation*

Once again, Celestine states in the Complaint that the Defendants willfully or negligently violated the FCRA, but even after amending, he makes only conclusory allegations to support his claim. *See Iqbal*, 556 U.S. at 678.

---

[1] To the extent that the Plaintiff's claims may be premised upon the Defendants allegedly violating their duty as "furnishers" of information under the FCRA, such a claim is improper since the FCRA does not provide a private right of action for tendering false information to a credit reporting agency. *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 643 (11th Cir. 2008).

Again, the allegations amount to nothing more than a recitation of the elements of his purported claim, and therefore, are not presumed to be true and are insufficient to state a plausible claim for relief. *Id.* at 681. As before, "[w]hile pro se complaints should be liberally construed, they still must allege factual allegations that raise a right to relief above the speculative level." *Modrall v. Corker*, 654 Fed. App'x 1021, 1022 (11th Cir. 2016). A plaintiff must allege specific facts that show that a defendant willfully or negligently failed to comply with the FCRA. *See e.g.*, *Rush v. Macy's New York*, 775 F.2d 1554, 1557 (11th Cir. 1985) (stating that part of the reason the plaintiff's claim failed was because he "alleged no facts tending to show that Macy's 'willfully' or 'negligently' failed to comply with the FCRA" because he did not contest the accuracy of the "credit report"). "Despite the leniency afforded pro se plaintiff, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### (4) *Additional claims*

To the extent that the Plaintiff attempts to assert any additional claims, the Court has already warned him, in its order striking the first amended complaint (ECF No. 117), that any amended pleading would be confined to addressing the deficiencies noted in its order dismissing the initial complaint. Thus, any additional claims are improper.

### (5) *No further amendment*

The Court is not obligated to grant further leave to amend where there has been a "repeated failure to cure deficiencies by amendments previously allowed," or "where amendment would be futile." *Anderson v. Vanguard Car Rental USA, Inc.*, 304 F. App'x 830, 832 (11th Cir. 2008) (citing *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)); *see also Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss."). Upon review, the Court finds that Celestine has not been able to cure the deficiencies noted by the Court in its prior order, and that further amendment would be futile. Thus, the Court declines to grant Celestine further leave to amend.

### 4. Conclusion

For the above reasons, the Court **grants** the Defendants' motion to dismiss **(ECF No. 128)**. The Second Amended Complaint is **dismissed with prejudice**. Any pending motions are **denied as moot**, and the Clerk of Court is directed to **close** this case.

**Done and ordered** in chambers, at Miami, Florida, on September 19, 2017.

_____
Robert N. Scola, Jr.
United States District Judge